[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court finds the following facts. The defendants, The Thomases, were the owners of about one hundred seventy acres of land in Oxford, Connecticut. The plaintiff is a licensed professional engineer. In preparation to sell a portion of the property to a developer (about 100 acres), the defendants hired the plaintiff to perform an A-2 boundary survey of the property to be sold as well as one for the land they would retain. The defendants put down a retainer of $2,500. Although the plaintiff sent defendants a written contract in December, 1994, indicating a total price of $12,500, the defendants did not sign the contract nor return it to the plaintiff. The parties had discussed the fee, however. CT Page 14823
The plaintiff and his employees were on site from February 8, 1995 until March 29, 1995, and spent one hundred eighty-tour man hours. The plaintiff also did a bring-down title search of the property and abutting landowners from 1988. Once the site work was plotted and noted, the plaintiff then drew up the maps and completed all the work on or about May 25, 1995. The plaintiff provided the defendants with the maps. In the course of their dealings the plaintiff and the defendants met at least three times. Moreover the parties met almost daily while the plaintiff was performing the on-site work. The parties discussed the work to be performed and the defendant, Ralph Thomas, walked the property to show the plaintiff where he wanted a prospective buyer-developer to place a road. The defendant. Ralph Thomas, even ribboned trees to mark the path of said road.
The defendants claim they never retained White nor did they agree to pay him $12,500. By way of special defenses the defendants have asserted there was no written or oral contract, that if there were a written agreement it did not comport with the Home Solicitation Act (Section 42-13a et seq. of the Connecticut General Statutes) and finally that the agreement is unenforceable because it did not meet the requirements of the Home Improvement Act, § 20-418 et seq. of the General Statutes. The defendants did not pursue their claims with regard to the Home Solicitation Act during trial and the court finds those claims to have been abandoned. With respect to the Home Improvement Act, this court finds that the services of a professional engineer are not covered by that act.
Accordingly the plaintiff is awarded judgment in the amount of $10,000 plus interest from January 1, 1996 of $6,358 plus costs.
BY THE COURT
Howard Scheinblum, J. Judge of the Superior Court